## CARROLL v. BLUM.

(Supreme Court, Appellate Term, First Department.   May 6, 1915.)

EVIDENCE ☞432, 434—PAROL EVIDENCE—INVALIDITY OF INSTRUMENT.
>   While oral declarations are inadmissible to vary the terms of a written agreement, oral declarations tending to show want of consideration or false representations inducing its execution are admissible, whether made before, after, or at the time of its execution.
>
>   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1981–1989, 2005–2020;  Dec. Dig. ☞432, 434.]

Appeal from City Court of New York, Trial Term.

Action by Thomas B. Carroll against Max D. Blum.   From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed and remanded.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Slade & Slade, of New York City (Benjamin Slade, Maxwell Slade, and David Slade, all of New York City, of counsel), for appellant.

H. J. Bloomer, of New York City (Alex Davis, of New York City, of counsel), for respondent.

PENDLETON, J.   The action was brought on a written instrument whereby it is alleged defendant, in substance, agreed that plaintiff should receive a certain sum out of certain moneys when collected. The answer alleges want of consideration, false representations inducing defendant to execute the alleged agreement, a release, and payment.   Plaintiff proved the execution of the instrument, and that the moneys were received, and rested.   Defendant then offered evidence intended to establish the defenses pleaded of absence of consideration and false representations, all of which was excluded.

The evidence sought to be introduced was evidently oral declarations by plaintiff.   They were excluded, apparently, on the theory that defendant sought thereby to vary the terms of the written instrument.   While oral declarations are not admissible to vary the terms of a written agreement, evidence tending to show absence of consideration, or false representations inducing its execution, is admissible, not to vary its terms, but to show there never was a valid agreement; and such evidence is none the less admissible because it may consist of oral declarations before, or at the time of, its execution, if otherwise competent.   Subsequent declarations of a party, when they constitute admissions, are admissible under the same rule.

Without discussing in detail all the numerous rulings and exceptions in the record, suffice it to say that, under the foregoing well-settled rules, error was committed by the learned trial court in some of its rulings, which necessitates a reversal of the judgment and the granting of a new trial.   In view of the above, it is unnecessary to discuss other questions referred to in the briefs.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes